**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3976-24

NEWARK HOUSING
AUTHORITY,

     Plaintiff-Respondent,

v.

IRONMAN ROAD SERVICES,
LLC, GUILLERMO
BENALCAZAR, OSCAR
BENALCAZAR, THEODORE
FIORE, RUFFINO HOLDINGS,
LLC, TED FIORE SERVICES,
LLC AND FIORE HOLDINGS
II, LLC,

     Defendants,

and

T. FIORE DEMOLITION, INC.,
T&C AUTO SALES, LLC, AND
T. FIORE RECYCLING CORP.,

     Defendants-Appellants.

_____

Argued May 12, 2026 – Decided June 4, 2026

Before Judges Perez Friscia and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-3639-25.

Michael S. Goodman argued the cause for appellants (M. Goodman & Associates, PC, attorneys; Michael S. Goodman, on the briefs).

Richard D. Trenk argued the cause for respondent (Trenk Isabel Siddiqi & Shahdanian, PC, attorneys; Richard D. Trenk, of counsel and on the brief; Juliana C. Canevascini, on the brief).

PER CURIAM

Defendants T. Fiore Demolition, Inc., T&C Auto Sales, LLC, and T. Fiore Recycling Corp. appeal from two July 18, 2025 orders: (1) denying their motion for reconsideration of a June 30, 2025 order for possession of real property located at 457-463 Wilson Avenue in Newark (the property) in favor of plaintiff Newark Housing Authority (NHA); and (2) denying as moot their motion for leave to file a counterclaim for adverse possession and transfer the action to the Chancery Division pursuant to Rule 4:3-1(b). For the reasons that follow, we reverse the order denying defendants' motion for reconsideration and remand for further proceedings, including consideration of their motion for leave to file a counterclaim and transfer the action to the Chancery Division on the merits.

A-3976-24

## I.

In a prior Chancery Division action filed by Theodore Fiore, Sr. (Fiore), individually, against NHA in April 2024, Fiore asserted a claim for ownership of the property based on adverse possession (the Chancery action). He alleged his relatives sold the property to NHA in 1982, and businesses owned and operated by him and his family continued to occupy and use the property since that time.

After NHA moved for summary judgment, on March 14, 2025, the judge in the Chancery action entered an order, supported by an oral decision, dismissing Fiore's complaint "due to a lack of standing since . . . [he] has not personally been in possession or occupancy of the . . . property." The judge found "it[ was] clear" Fiore "does not occupy th[e] property personally." She determined "there is no standing for . . . Fiore . . . to bring this action . . . in adverse possession."

The judge stated Fiore's "companies may" have standing to assert an adverse possession claim, but she did not "need to reach that" issue. As to a potential action by "the other companies" the judge left "that for another day and another lawsuit." The judge stated, "there might be defenses if that other lawsuit is brought" and "[t]hey might be winning or not."

A-3976-24

On May 12, 2025, NHA commenced this summary action for possession of the property by filing a verified complaint and proposed order to show cause (OTSC) pursuant to Rule 4:67-1(a) and N.J.S.A. 2A:39-6. On May 13, the court entered the OTSC and scheduled a hearing for June 16 "as to why an [o]rder should not be entered . . . [p]ermitting the issuance of an [o]rder for [p]ossession" and other relief. The OTSC provided "[d]efendants shall file and serve a written response to this [OTSC] . . . by June 6, 2025."

The OTSC provided that if defendants did "not file and serve opposition to this [OTSC], the application w[ould] be decided on the papers on the return date and relief may be granted by default." The OTSC also advised defendants "if [they] dispute[d] this [c]omplaint, [they], or [their] attorney, must file a written answer to the [v]erified [c]omplaint . . . within [thirty-five] days from the date of service of this [OTSC]." It warned that "[o]pposition to the [OTSC] is not an [a]nswer and [they] must file both." NHA attempted to serve the signed OTSC and verified complaint on defense counsel but he "refuse[d] to accept service . . . as [he] was not authorized" to do so.

On June 11, defense counsel wrote to the court that he "just received correspondence" from Fiore stating he had been served with the OTSC. Defense counsel explained he previously "requested that [another attorney who

represented Fiore] also request an extension of the return date of the OTSC, and . . . had expected a consent order extending the return dates of the OTSC" but "[a]pparently that did not occur." He requested the court "grant a two-week extension of the return date and other dates set forth in the OTSC." NHA opposed the adjournment request.

That same day, the court granted defendants' adjournment request and generated three separate eCourts notices. The first notice, which was electronically mailed to defense counsel, stated: "[c]lerk [n]otice . . . [r]equest to adjourn hearing has been granted."

The other notices, which were not electronically mailed to defense counsel, stated: (1) "[o]ral argument has been granted. Hearing is rescheduled on [June 30, 2025] with Judge [ ] . . . [c]ourt [r]oom 400"; and (2) "[c]lerk [n]otice . . . [a] hearing in this matter will take place before Judge [ ] on Monday, June 30, 2025 at 9:00 a[.]m[.] in the [h]istoric [c]ourthouse, [c]ourtroom 400." The court did not enter a revised OTSC or otherwise advise defendants of the adjourned return date or the date their opposition to the OTSC was due.

On June 12, NHA's counsel wrote to the court that "the [c]ourt granted the adjournment until June 30, 2025" and requested "the [c]ourt require that any opposition be filed and served no later than Thursday, June 19, 2025." Later

5

that day, the court conducted a remote hearing and advised defense counsel his "adjournment request was granted . . . yesterday." The court did not address plaintiff's request to require opposition be filed by June 19, nor did it specifically advise counsel of the adjourned return date or the date defendants' opposition was due.

The court advised defense counsel that if he "intended to file a counterclaim on the adverse possession" he could "file a motion." The court indicated it was "inclined to deny it" because it was its understanding the prior adverse possession action "was dismissed with prejudice because [he] did[ not] respond to discovery demands." Defense counsel disagreed and the court suggested he include "a copy of the transcript [of the March 14, 2025 hearing in the Chancery action] when [he] file[d] [the] motion to add a counterclaim."

Defense counsel contends he "immediately ordered the [t]ranscript via expedited service." On June 13, his "office notified both [the court] and [p]laintiff's attorney via email that the [t]ranscript had been requested" and "expedited service would take seven . . . days." Defense counsel received the transcript on June 23.

On June 24, defendants filed their answer to the verified complaint, affirmative defenses, and counterclaim alleging ownership of the property based

6

on adverse possession. In response, NHA's counsel wrote to the court that "the pending [OTSC] in this matter is returnable on June 30, 2025." He asserted defendants' opposition to the OTSC was originally "due on June 6, 2025" but the court "granted the . . . adjournment request setting the return date for June 30, 2025." NHA's counsel argued, "[e]ven treating this as a typical motion, pursuant to R[ule] 1:6-5, any opposition was due eight . . . days prior to the return date." He asserted "no opposition ha[d] been filed" and "request[ed] this [OTSC] proceed unopposed."

On June 26, defendants filed a motion for leave to file their counterclaim "and to transfer th[e] action to the Chancery Division pursuant to R[ule] 4:3-1(b)." On June 27, the court generated an eCourts notice, which was electronically mailed to defense counsel, advising the parties that "[t]he motion filed on [June 26, 2025] will be decided on [July 18, 2025]. Oral argument has been requested. You will be notified if oral argument is scheduled. Do not come to the courthouse unless you are so notified. Re: MOTION TO ALLOW COUNTERCLAIM."

On June 30, defendants did not appear for the return date of the OTSC, and the court entered the judgment of possession. The record on appeal does not include any oral or written statement of the court's findings of fact and

conclusions of law as required by Rule 1:7-4(a). Later that day, defendants filed their motion for reconsideration pursuant to Rule 4:49-2.

In support of the motion, defense counsel certified he "was unaware that a hearing was scheduled on June 30, 2025[,] as [he] never received a revised [o]rder stating the new return date, and new dates for all the other dates set forth in" the OTSC. "It was [his] understanding that the OTSC hearing would be heard on the same return date as [defendants'] [m]otion to allow . . . counterclaims," which "[was] July 18, 2025." Defense counsel certified that when the court contacted him on June 30, he "advised [c]hambers that [he] was available to appear virtually, but [he] was denied virtual appearance."

On July 18, the court heard oral argument on the pending motions and entered orders denying both supported by an oral decision. It noted the OTSC entered on May 13, 2025, provided "defendant shall file and serve a written respon[se] to this [OTSC] by June 6[], 2025." It determined "[t]he two[-]week adjournment from June 6[] would have required [defense counsel] to file his opposition by June 20[], 2025. No opposition was filed to the [OTSC]." The court recounted that NHA sent a letter on July 12, and:

> it[ is] in the letter that the adjournment was until June 30[]. And the next paragraph is "[p]ursuant to the rules

of [c]ourt we request . . . that the [c]ourt require that any opposition be filed no later than Thursday, June 19[]." Technically should have been June 20[].

But, this letter shows that opposition needed to be filed and that a hearing was going to be . . . held on June 30[]. On June 30[], [defense counsel] did not appear. [The court] believe[d] his reasoning was he did not receive notice of the hearing. [The court was] not sure if that[ was] accurate because the [c]ourt jacket has this matter scheduled for June 30[].

[Defense counsel] knew that there was a pending return date of an [OTSC] and did nothing to determine when it was scheduled for. However, the week before the scheduled hearing he did call . . . chambers to determine whether he should file opposition or an answer. And, [the court's staff] . . . told him, "[h]e should follow the rules of [c]ourt," which is [the court's] standard answer when an attorney does[ not] know what to do.

The court determined it "had no choice but to grant and sign the order for the . . . defendants to vacate the property" because "as of June 30[] no opposition was filed."

The court read defense counsel's certification on the record and stated it was "not really sure how [it] would reconsider anything based upon that certification" because it "put[] forth no facts or law that [the] [c]ourt overlooked when it decided to grant the order for possession." The court determined defense counsel's argument "[w]ith respect to [his] non-appearance and [the] [c]ourt's

9

denial of him to appear virtually" was "a red herring" because "he did not file opposition" and "would not [have been] allowed to make any argument . . . because of that situation."

The court also "consider[ed] the transcript of [the March 14, 2025 hearing in the Chancery action] with respect to the motion for reconsideration." That transcript "offer[ed] . . . no guidance as to the corporate defendants. It only [told the court] that [the Chancery court's] decision as to . . . Fior[e] individually was not based on adverse possession." The court determined the prior action "was[ not] decided on the merits with respect to adverse possession. It was decided on the issue of standing. That . . . Fior[e] did not have standing." The court concluded, "based upon [its] denial of the motion for reconsideration[,] the motion to amend the answer to add the counterclaim [wa]s denied as moot." This appeal followed.

## II.

On appeal, defendants argue the court "made an error in the application of the two-week adjournment." They contend the adjournment "applied as of the [v]irtual [h]earing date of June 12, 2025 would have been June 26 . . . for [them] to file a written response to the OTSC [c]omplaint and all other return dates pursuant to the OTSC" and "the return date of the OTSC . . . should have been

10

July 7 . . . instead of the original return date of June 16." As a result, they and NHA "were innocently utilizing different return dates." Defendants contend because they did not file an answer or notice of appearance until June 24, "any notices that the [c]ourt . . . sent alerting [them] to the error in [the] application of the adjournment request were not received."

Defendants also argue the "OTSC was absolutely opposed . . . in the filing of an [a]nswer to the OTSC [c]omplaint." They claim "[t]he [a]nswer, taken together with the [m]otion to permit the counterclaim[] as directed by the . . . [c]ourt, constitutes an opposition to the OTSC." Defendants argue they complied with Rule 4:67-4(a), which provides if an OTSC "is issued ex parte pursuant to [Rule] 4:67-1(a), the defendant shall, not later than [three] days before the return date, or within such further time as the court may allow, serve and file either an answer, an answering affidavit, or a motion returnable on the return day."

Defendants also argue their motion for leave to assert a counterclaim was not moot, and their claims are not precluded by the doctrines of res judicata or collateral estoppel because the Chancery action was dismissed based on standing and the question of adverse possession was not actually litigated or decided on the merits.

## III.

We review orders denying reconsideration under Rule 4:49-2 for an abuse of discretion. See AC Ocean Walk, LLC v. Blue Ocean Waters, LLC, 478 N.J. Super. 515, 523 (App. Div. 2024); Granata v. Broderick, 446 N.J. Super. 449, 468 (App. Div. 2016). A court abuses its discretion "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

Rule 4:49-2 provides a motion for reconsideration of a judgment or final order must "state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred." Reconsideration should only be granted in those cases in which the court had based its decision "'upon a palpably incorrect or irrational basis,'" or did not "'consider, or failed to appreciate the significance of probative, competent evidence.'" Granata, 446 N.J. Super. at 468 (quoting Fusco v. Bd. of Educ., 349 N.J. Super. 455, 462 (App. Div. 2002)).

A-3976-24

Having carefully reviewed the facts and circumstances of this case, we are convinced the court misapplied its discretion by denying defendants' motion for reconsideration. The record supports defendants' claim that they did not receive notice from the court of the adjourned June 30 return date. The court did not specifically state the return date was adjourned to June 30 during the June 12 remote hearing. It is undisputed the court did not enter an amended OTSC setting forth the adjourned return date, and the only notices of the adjourned date generated by the court through eCourts were not sent to defense counsel.

In addition, on June 27, after defendants filed their motion for leave to assert a counterclaim and transfer the action, the court notified the parties that it would "be decided on [July 18, 2025]." The notice stated "[o]ral argument ha[s] been requested" and the parties "would be notified if oral argument [was] scheduled." That notice was sent to defense counsel. So, the only notice defendants received from the court after the June 12 hearing, advised them the next court event would occur on July 18.

The date defendants' opposition to the OTSC was due was even less clear. Again, the court did not enter an amended OTSC setting forth a new return date, a filing date for defendants' opposition, or any other filing dates. As relayed by the court on July 18, when defense counsel called its chambers "the week before

A-3976-24

the scheduled hearing," he was told "he should follow the rules of [c]ourt." Defendants then filed their answer on June 24, and motion on June 26, both of which were timely filed pursuant to Rule 4:67-4(a) even if the return date was June 30. Importantly, that rule does not distinguish between an "answer" and "opposition" filed in response to an OTSC. Defense counsel contends that by filing his answer and motion in compliance with Rule 4:67-4(a), he opposed the OTSC.

We acknowledge defense counsel's explanation of his misunderstanding of the "two-week adjournment" and its effect on the relevant dates established in the OTSC is not entirely satisfying. It has long been the rule, however, that the ultimate sanction of dismissal or entry of judgment for failure to appear or comply with a court order must be sparingly applied and only if lesser sanctions are not available. See Allegro v. Afton Village Corp., 9 N.J. 156, 160-61 (1952) ("[t]he dismissal of a party's cause of action is drastic punishment and should not be invoked except in those cases where the actions of the party show a deliberate and contumacious disregard of the court's authority"); see also Zaccardi v. Becker, 88 N.J. 245, 253 (1982) ("[s]ince dismissal with prejudice is the ultimate sanction, it will normally be ordered only when no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party").

14

Here, in granting defendants' request for an adjournment, the court did not clearly set forth the return date or the due date for defendants' opposition with the level of specificity required to support any sanction, much less the extreme sanction imposed in this case. The court did not enter an amended OTSC establishing any of the critical dates, nor did it specifically advise defendants of those dates during the June 12 hearing or thereafter. The June 11 eCourts notices regarding the adjourned June 30 return date were not sent to defense counsel. The only notice regarding scheduled court dates defense counsel did receive from the court was on June 27 when the parties were advised defendants' motion would be heard on July 18. The court never advised defendants when their opposition to the OTSC was due after the adjournment was granted and, when defense counsel called the court to ask if he was required to file both an opposition and answer, he was directed to follow the "rules of court," which he contends he did by complying with Rule 4:67-4(a).

We are mindful of the court's obligation and desire to adjudicate matters expeditiously. However, "[e]agerness to move cases must defer to our paramount duty to administer justice in the individual case," Audubon Volunteer Fire Co. No. 1 v. Church Constr. Co., 206 N.J. Super. 405, 406 (App. Div. 1986), and the "rights of the parties to a full and fair hearing are paramount." J.D. v.

15

M.D.F., 207 N.J. 458, 481 (2011).  In this case, fairness and equity dictate that defendants get their day in court and be afforded the opportunity to present their claims on the merits.

Although the parties contend the court denied defendants' motion for leave to file a counterclaim based on res judicata and collateral estoppel, those arguments are belied by the court's oral decision.  As we read that decision, the court denied the motion as "moot" because it previously granted the relief sought in the OTSC and denied the motion for reconsideration.  The court did not decide the motion for leave to file a counterclaim on the merits.  Because the court denied defendants' motion as moot based on its decision to deny the motion for reconsideration, which are vacating, we also vacate the order denying defendants' motion for leave to file a counterclaim and transfer the action to the Chancery Division.

Finally, we direct that this matter be assigned to a different judge on remand to avoid the appearance of bias or prejudice.  See Entress v. Entress, 376 N.J. Super. 125, 133 (App. Div. 2005) (directing remand "to a different judge . . . to avoid the appearance of bias or prejudice based upon the judge's prior involvement with the matter").  On remand, the court shall address defendants' motion on the merits.  The court shall also enter an amended OTSC

setting forth all applicable dates and permit defendants a reasonable period of time to file opposition to the OTSC.

Reversed, vacated, and remanded for further proceedings in conformity with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

_M.C. Harley_

Clerk of the Appellate Division

17